COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges AtLee, Friedman and Senior Judge Clements


NATHANIEL WADE LAWSON

                                                    MEMORANDUM OPINION*
v.      Record No. 0619-22-3                               PER CURIAM
                                                         MAY 30, 2023
WISE COUNTY DEPARTMENT
  OF SOCIAL SERVICES


              FROM THE CIRCUIT COURT OF WISE COUNTY
                         John C. Kilgore, Judge

        (N. Leslie Wilkens, on brief), for appellant. Appellant submitting
        on brief.

        (Jeremy B. O'Quinn; Adrian J. Collins, Guardian ad litem for the
        minor child; The O'Quinn Law Office, PLLC; Adrian Collins Law
        Office, PC, on brief), for appellee. Appellee and Guardian ad litem
        submitting on brief.


        Nathaniel Wade Lawson (father) appeals the circuit court's order terminating his parental

rights to his child, C.L. Father argues that the circuit court erred when it found that the Wise

County Department of Social Services (the Department) made reasonable efforts to reunite C.L.

with father, that termination of father's parental rights was in C.L.'s best interests, and that father

had failed to maintain contact with the Department for six months. The parties waived argument in

this case. *See* Code § 17.1-403(ii). Upon reviewing the record and briefs of the parties, we

affirm the circuit court's judgment.

_____

        * This opinion is not designated for publication. *See* Code § 17.1-413.

BACKGROUND[1]

"On appeal from the termination of parental rights, this Court is required to review the evidence in the light most favorable to the party prevailing in the circuit court." *Yafi v. Stafford Dep't of Soc. Servs.*, 69 Va. App. 539, 550-51 (2018) (quoting *Thach v. Arlington Cnty. Dep't of Hum. Servs.*, 63 Va. App. 157, 168 (2014)). Here, the Department was the prevailing party.

In June 2019, the Department became involved with father, his two children, and their mother. Although the Department offered the parents services, father's parental rights of his two older children were involuntarily terminated in June 2020 "due to [his] lack of participation." On November 2, 2020, mother gave birth to C.L. while she was incarcerated. As mother needed to finish her sentence and father was "not around," the Department placed C.L. in a foster home on November 4, 2020.

Under the initial foster care plan, the Department intended to return C.L. to his mother and father. To achieve that goal, father needed to maintain regular contact with the Department's worker, inform the Department of any status changes, refrain from the use of illegal drugs and the abuse of alcohol or prescription drugs, comply with random drug screens, attend substance abuse counseling and parenting classes, attend all scheduled visitation with C.L., and cooperate with all Department recommendations. The Department's target date for completion of those requirements was November 30, 2021. Nevertheless, father was incarcerated for part of the period before the target date.

---

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues father has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

On May 4, 2021, the Wise County Juvenile and Domestic Relations District Court (the JDR court) terminated father's parental rights. Father appealed the JDR court's ruling to the circuit court. After a hearing, the circuit court found three independent bases for termination of father's parental rights. First, the court found that father had failed to maintain continuing contact with and substantially plan for C.L.'s future under Code § 16.1-283(C)(1). Second, the court found that father, without good cause, had been unwilling or unable within a reasonable period of time to substantially remedy the conditions that led to C.L.'s foster care under Code § 16.1-283(C)(2). Finally, the court found that father's parental rights to two other children had previously been involuntarily terminated under Code § 16.1-283(E)(i). Father appeals.

ANALYSIS

"On review, '[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" *Castillo v. Loudoun Cnty. Dep't of Fam. Servs.*, 68 Va. App. 547, 558 (2018) (alteration in original) (quoting *Logan v. Fairfax Cnty. Dep't of Hum. Dev.*, 13 Va. App. 123, 128 (1991)). "Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." *Fauquier Cnty. Dep't of Soc. Servs. v. Ridgeway*, 59 Va. App. 185, 190 (2011) (quoting *Martin v. Pittsylvania Cnty. Dep't of Soc. Servs.*, 3 Va. App. 15, 20 (1986)).

Father argues that the circuit court erred in terminating his parental rights under Code § 16.1-283(C)(1) and (2) because there was insufficient evidence that the Department made reasonable efforts to reunite C.L. with him and that he had failed to maintain contact with the Department for six months. He asserts that he was not responsible for the circumstances that led to C.L.'s removal and placement in foster care, the Department did not contact him before removing C.L., the Department did not offer him any services to aid in reunification with C.L., and the

- 3 -

Department prevented him from having contact with C.L. Father also argues that termination of his parental rights under Code § 16.1-283(E)(i) was not in C.L.'s best interests.

The circuit court terminated father's parental rights on multiple grounds, including Code § 16.1-283(E)(i). That statute provides that parental rights may be terminated "if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that (i) the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated . . . ." Code § 16.1-283(E)(i). There is no dispute that father's parental rights to two other children had been involuntarily terminated. Father argues, however, that it was not in C.L.'s best interests to terminate his parental rights. He emphasizes that he was denied visitation with C.L. and the Department did not provide services aimed at reunification. He contends he "was never allowed to be a father."

"When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests." *Castillo*, 68 Va. App. at 558 (quoting *Logan*, 13 Va. App. at 128). The circuit court is "vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." *Id.* (quoting *Logan*, 13 Va. App. at 128). The record supports the circuit court's conclusion that termination of father's residual parental rights was in C.L.'s best interests. The foster care plan showed that the Department delineated services father needed to complete by November 30, 2021. Those services included maintaining regular contact with the Department, parenting classes and substance abuse counseling, and visitation with C.L. Father did not attempt contact with the Department or try to take advantage of services. Father acknowledges that he was incarcerated at that point and also concedes that he was contacted by the Department. Accordingly, we hold that the circuit court properly found by clear and convincing evidence that the termination

of father's parental rights was in C.L.'s best interests and did not err in terminating his parental rights under Code § 16.1-283(E)(i).

"When a lower court's judgment is made on alternative grounds, this Court need only determine whether any of the alternatives is sufficient to sustain the judgment." *Castillo*, 68 Va. App. at 574 n.9; *see also Fields v. Dinwiddie Cnty. Dep't of Soc. Servs.*, 46 Va. App. 1, 8 (2005) (affirming the termination of parental rights under one subsection of Code § 16.1-283 and, therefore, not addressing the termination of parental rights under another subsection). As we find that the circuit court did not err in terminating father's parental rights under Code § 16.1-283(E)(i), we do not reach the question of whether father's parental rights also should have been terminated under Code § 16.1-283(C)(1) or (2).

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed*.